798 F.2d 1408
 55 USLW 2140, 1986-2 Trade Cases 67,241
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Best View Cablevision, Inc.
v.
City of Abbeville, Mayor James Davis, in his official
capacity, Gene Smith, individually and in his official
capacity, Buddy Newell, in his official capacity, Charles
Williams, individually and in his official capacity, Jack
Farmer, in his official capacity, Robert M. Strickland,
individually and in his official capacity, Bobby Fisher, in
his official capacity, Steve Hawthorne, individually and in
his official capacity, Archie Nixon, individually and in his
official capacity, David Krumwiede, individually and in his
official capacity, Richard W. Condon; Best View
Cablevision, Inc. v. City of Abbeville.
 85-1499, 85-1159(L).
 United States Court of Appeals, Fourth Circuit
 Decided August 13, 1986.
 
 Before CHAPMAN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 
 
 1
 HAYNSWORTH, Sr. Cir. J.
 
 
 2
 In 1984 the plaintiff operated a cable television system serving subscribers in the City of Abbeville, South Carolina. It was the holder of an exclusive franchise that had been granted to its predecessor fifteen years earlier but that was to expire in October 1984. In April of that year, the City announced that it would conduct an auction for the selection of an exclusive franchise for a new franchise term beginning in October. It received five competitive bids, including one from Best View Cablevision. In August it announced that it would accept the bid of Richard W. Condon and that Best View Cablevision would be required to remove its cables and equipment from utility poles owned or controlled by the City.
 
 
 3
 On October 18, 1984 Best View filed a complaint in the United States District Court against the City, the mayor, the City manager and members of the City Council. It alleged claims based upon federal antitrust laws, the First, Fifth and Fourteenth Amendments, and state law. The district court dismissed each of the federal counts for failure to state a claim, and the state claims for lack of jurisdiction.
 
 
 4
 Best View filed a second complaint in February 1985 alleging causes of action under the Cable Communications Policy Act of 1984, 47 U.S.C. Secs. 521, et seq., and state law. Among other things, the district court found that Best View's franchise had expired before the effective date of the Act and dismissed the complaint. It also found that the commencement of the second action was for the purpose of harassment, and it assessed the City's attorneys' fees of $1,120.40 against the plaintiff.
 
 
 5
 Best View appeals from the dismissal of the complaint in each case and from the award of attorneys' fees. We heard oral argument, but held the case in abeyance pending the Supreme Court's decision in City of Los Angeles v. Preferred Communications, Inc., 54 U.S.L.W. 4542 (June 2, 1986). In light of that decision, we remand to the district court for consideration of Best View's First Amendment and equal protection claims.
 
 I.
 
 6
 It appears in Preferred Communications that the city refused to grant the plaintiff a non-exclusive cable television franchise on the ground that it had not participated in the auction that had awarded an exclusive franchise to another. The plaintiff filed an action in the district court, alleging that the city violated its First Amendment rights by refusing it a non-exclusive franchise and by denying it access to utility poles and underground power line conduits. The district court dismissed the complaint for failure to state a claim upon which relief could be granted. The Court of Appeals for the Ninth Circuit reversed. In light of allegations that there were sufficient physical and economic capacities to accommodate more than one cable television company, it held that the complaint sufficiently alleged that the city violated the plaintiff's First Amendment rights by refusing it a non-exclusive franchise. The Supreme Court affirmed, holding that the allegations of the complaint were sufficient to withstand a motion to dismiss, though declining to make any ultimate determination of the First Amendment claim pending the resolution of a number of issues of disputed fact. Only with a further development of the facts could the plaintiff's First Amendment interests be balanced against reasonable regulatory considerations.
 
 
 7
 In its first complaint, Best View alleged that cable television companies exercise substantial editorial discretion in providing their subscribers with a mixture of news, information and entertainment. It further alleged that use of public utility facilities by a second cable television company would not appreciably increase the burden on public rights of way caused by those facilities. Finally, it alleged that the City had wrongfully used an auction process to limit the exercise of free speech rights by cable television providers to one "governmentally sanctioned" provider.
 
 
 8
 In this case, the district court dismissed the First Amendment claim because there was no charge that the City had attempted to regulate the content of programs offered by cable television providers. The Supreme Court has now made it plain, however, that the statement of a First Amendment claim does not depend on such an allegation. The plaintiff's First Amendment rights are implicated, and its First Amendment claim can be resolved, as in Preferred Communications, only after further exposition of the issues of undetermined fact.
 
 II.
 
 9
 Best View has a franchise to provide cable television service to residents of Abbeville County residing outside the City of Abbeville. Its transmission source is located outside the city limits, but it alleged that its county distribution system is integrated with its city system and that removal of its cables from the City's utility poles would disenable it to serve its county customers. These allegations are the basis of claims that the defendants conspired unlawfully to restrain trade in the county and to take Best View's county cable system without compensation.
 
 A.
 
 10
 The district court dismissed Best View's anti-trust claims on the basis of the state action doctrine of Parker v. Brown, 317 U.S. 341 (1943). Best View now contends that the state action doctrine is inapplicable because the relevant state statutes do not authorize the City to control cable television services to residents outside its own city limits.
 
 
 11
 South Carolina Code Sec. 58-12-30(a) gives each municipality and each county plenary authority "to regulate the operation of any cable television system which serves customers within its territorial limits by the issuance of franchise licenses." The statute clearly authorized the City Council's decision not to renew the expiring franchise but to grant the franchise to another. As a necessary concomitant of the exercise of that power, the City Council has the statutory authority to require one no longer authorized to serve customers within its limits to remove its cables and facilities from the City's utility poles. That, because of the way Best View constructed its distribution system, the action of the City Council has an incidental effect on the operation of Best View's county distribution system does not diminish the City's authority to regulate cable television systems within its own territorial limits.
 
 B.
 
 12
 The district court properly denied Best View's taking claim. It held that, under South Carolina law, Best View's fixed term franchise did not give it a vested property right to continue using the City's utility poles after the expiration of the franchise. Nor is it of legal moment that termination of the City franchise and the requirement that Best View's cables and facilities be removed from the City's utility poles may impair, or even destroy, the economic value of Best View's county franchise.
 
 
 13
 Under South Carolina Code Secs. 58-12-10 and 58-12-30, Best View cannot operate within the City of Abbeville without a franchise. Without a franchise, Best View has no right to construct, maintain or operate cable facilities in the City. Moreover, its franchise agreement provided that upon its termination the franchisee would have sixty days within which to remove its cables, wires and appliances from the City's utility poles. The agreement created no property interest in the maintenance by Best View of its facilities on City utility poles beyond the term of its franchise. Nor could Best View's decision to serve county customers through facilities strung on the City's utility poles create a permanent property interest in the continued use of the City's utilities.
 
 III.
 
 14
 We remand Best View's equal protection claims for further consideration in light of the Supreme Court's decision in Preferred Communications.
 
 
 15
 We know from Preferred Communications that providing cable service implicates First Amendment rights. Best View alleged in its complaint that there is no compelling governmental interest to support the imposition of an "artificial limit" on the number of cable providers in the City of Abbeville, and that the City imposed the limit without regard to less restrictive means. The City may allege and prove regulatory interests sufficient to justify its limit of one cable franchise, and the ultimate merit of Best View's equal protection claim may depend on whether its First Amendment interests have in fact been burdened, but we believe dismissal of that claim at this stage of the proceedings is premature. See Tele-Communications of Key West, Inc. v. United States, 757 F.2d 1330, 1340 (D.C.Cir.1985).
 
 IV.
 
 16
 For the reasons stated by the district court, we affirm dismissal of Best View's second complaint and the award to the City of its attorneys' fees. Since Best View's First Amendment and equal protection claims are being remanded for further consideration, the pendent state law claims are also remanded for further consideration.
 
 
 17
 As to the First Amendment and equal protection claims, we hold only that dismissal under Rule 12(b)(6) was inappropriate. That is not to suggest, however, that disposition by summary judgment may not become appropriate if it should later appear that there are no triable issues of disputed fact.
 
 
 18
 Affirmed in Part; Reversed in Part; and Remanded.